**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| Sherry Gudger | * |
| 809 Jack Street | Case No: |
| Baltimore, MD 21225 | * |
| | |
| *Plaintiff* | * |
| v. | |
| | * |
| Baltimore County, Maryland | |
| Serve on: | * |
| James R. Benjamin, Jr., County Attorney | |
| 305 Washington Avenue, Suite 200 | * |
| Towson, MD 21204 | |
| | * |
| *Defendant* | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Sherry Gudger brings this case against Baltimore County and states as follows:

**INTRODUCTION**

1. Ms. Gudger challenges the constitutionality of an ordinance, Baltimore County Code § 35-3-103(a)(3) ("Abandonment Ordinance"), that strips tenants facing eviction of their protected property interests without due process.

2. The Abandonment Ordinance deems all of the property in the tenant's home to be abandoned the moment the Sheriff knocks with an eviction order. Under the ordinance, everything the tenant owns in their home is deemed legally abandoned and becomes the landlord's property at that moment. The ordinance requires no notice to the tenant of that devastating consequence.

3. The Abandonment Ordinance does not provide a tenant the opportunity to reclaim property the law deems abandoned, even when the tenant's intent *not* to abandon the

property is obvious. The ordinance deems everything, including the tenant's essential medication, passport, furniture, or even cash, to be abandoned the moment the Sheriff arrives.

4. In 2024, the U.S. Court of Appeals for the Fourth Circuit held that, under the Due Process Clause of the U.S. Constitution, a tenant facing property loss on account of an abandonment ordinance is "entitled to individual notice that their property [is] at risk and procedures by which they could protect their interest." *Todman v. Mayor & City Council of Balt.*, 104 F.4th 479, 494 (4th Cir. 2024).

5. Baltimore County's Abandonment Ordinance fails the constitutional requirements to provide tenants both "individual notice that their property was at risk" and "procedures by which they could protect their interest." *Id.*

6. The Abandonment Ordinance deprives tenants of both financially and sentimentally valuable property without due process. *See, e.g.*, *id.* at 490 (describing the losses of "irreplaceable personal items" such as "photographs, mementos, and cremated remains," along with "valuable goods like electronics, furniture, . . . and clothing" and stating that "'household goods' merit the protection of procedural due process").

7. For the government's convenience, the Abandonment Ordinance imposes a fictional presumption that tenants have "abandoned" their personal property and provides the tenant no opportunity to rebut that fiction.

8. That is exactly what happened to Sherry Gudger, who has multiple sclerosis and is a single mother of an eight-year-old son. Facing eviction on the morning of her son's first day of the school year, she was unable to remove important items from their Baltimore County apartment, such as her son's bed, clothes, and tools for her vocational program

2

before the Sheriff arrived to evict her and her son. When she attempted to find and recover those important belongings immediately following her eviction, her landlord told her all of her possessions had been thrown away.

9. Property rights are fundamental. *See Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552 (1972) ("a fundamental interdependence exists between the personal right to liberty and the personal right in property"). For tenants facing eviction, who are often in precarious financial circumstances, the loss of property can be particularly devastating. *See Todman*, 104 F. 4th at 490 ("[p]roperty rights become dearer, not less important, for people who possess comparatively little") (alteration in original) (quoting amicus brief).

10. Ms. Gudger brings this case to stop Baltimore County from violating the constitutional rights of tenants subject to its laws. Ms. Gudger also seeks compensation for the loss of her own personal property caused by the County's unconstitutional ordinance.

## PARTIES

11. Sherry Gudger is an adult citizen of Maryland. Ms. Gudger lived at 2401 Tionesta Rd., #3A, Halethorpe, Maryland 21227 in Baltimore County with her eight-year-old son until their eviction on August 25, 2025.

12. Baltimore County is a political and geographical subdivision of the State of Maryland created for the provision of government services and operating under Maryland law.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the claims arising under the U.S. Constitution under 28 U.S.C. § 1331.

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## STATEMENT OF FACTS

15. To evict a tenant in Maryland for alleged non-payment of rent, breach of lease, or refusal to vacate the property at the expiration of the lease, a landlord must file an action seeking possession in the District Court for the county where the property is located.

16. If the landlord prevails at trial, the District Court will issue an order granting the landlord possession, which gives the landlord the ability to then file a petition for warrant of restitution. The court must then issue to the local Sheriff a warrant of restitution to evict a tenant. Md. Code, Real Prop. §§ 8–401, 8-402, and 8-402.1. The Sheriff's Office then schedules an eviction date and communicates the date to the landlord.

17. As part of this process, a court does not consider, nor does it make any determination about, a tenant's intent to retain their personal property within the property.

**The Baltimore County Abandonment Ordinance**

18. Section 35-3-103 of the Baltimore County Code states that "Property removed from the leased premises in accordance with a properly issued warrant of restitution shall be considered abandoned." Balt. Cnty. Code, § 35-3-103(a)(3).

19. The Abandonment Ordinance does not require any notice to the tenant that their personal property will be "considered abandoned" and that the tenant must immediately leave the premises when the Sheriff arrives with a warrant of restitution.

**Ms. Gudger's Tenancy and Eviction**

20. Ms. Gudger moved into her apartment at 2401 Tionesta Rd., Unit 3A, Halethorpe, MD 21227 in Baltimore County in January 2022.

21. On June 24, 2025, when Ms. Gudger had fallen behind on her rent, the Catonsville District Court entered a judgment against her for failure to pay rent.

4

22. On August 6, 2025, her landlord filed a petition for a warrant of restitution, which the court issued the next day.

23. In accordance with typical practice, the court did not send a copy of the warrant of restitution to Ms. Gudger.

24. Sometime on or after August 7, 2025, Ms. Gudger received a notice from her landlord, through a folded piece of paper wedged into her apartment door, that her eviction would take place on Monday, August 25, 2025, at 9:00 am.

25. Upon information and belief, the notice did not warn Ms. Gudger that items remaining in her unit at the time of eviction would be deemed abandoned.

26. Ms. Gudger has multiple sclerosis. As a result of her condition, she experiences severe fatigue and brain fog. In the past, she has dealt with blind spots in both eyes, which prevented her from driving.

27. Between the date she received the notice on her door and the eviction date, Ms. Gudger did her best to remove her personal possessions from the third-floor apartment. But she was not able to remove everything before the Sheriff arrived on the eviction date.

28. Ms. Gudger left her son's bed, his new school clothes, a couch, and her vocational training program tools in the apartment.

29. On the morning of August 25, Ms. Gudger walked her son to school for his first day of third grade.

30. When she returned home, she took some additional items out of her unit, but she was unable to remove everything before the Sheriff arrived around 9:30 am to evict her. The Sheriff allowed her to take a bag with a few important items from the unit, but everything else in her apartment was locked behind her when she left.

31. Ms. Gudger asked the Baltimore County Sheriff what would happen to her remaining possessions. The Sheriff informed her, incorrectly, that the law required the items to be placed outside for 24 hours.

**Ms. Gudger's Attempts to Reclaim**

32. The following day, August 26, Ms. Gudger called her landlord to find out where her remaining property was located. The landlord told her that her belongings had been thrown away.

33. Ms. Gudger went to the property and asked a maintenance worker who had been on site the day of the eviction whether he knew where her property was. The worker stated that he had been instructed to throw away everything in the unit.

34. Ms. Gudger looked in the apartment's dumpster for her and her son's belongings, but their property was not there.

35. Ms. Gudger called the Sheriff to ask what happened to her possessions, but she had to leave a voicemail message. The next day, August 27, the Sheriff called Ms. Gudger back and again incorrectly told her that her possessions should have been left outside her apartment for 24 hours. The Sheriff suggested she call the police if that did not occur.

36. Ms. Gudger did call the police and met with two officers, but they did nothing to determine what happened to her personal property.

37. Ms. Gudger lost personal property that she did not intend to abandon, including her passport card, her son's bed, other furniture, electronics, tools, and clothes.

**COUNT I**
**Fourteenth Amendment – Procedural Due Process (Lack of Notice)**
**42 U.S.C. § 1983**

38. The allegations set forth in all previous paragraphs are incorporated here by reference.

6

39. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees that no person shall be deprived of property without due process of law. U.S. Const. amend. XIV, § 1.

40. Notice is "central to the Constitution's command of due process." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993).

41. Ms. Gudger was deprived of personal property, including furniture, electronics, clothes, and paperwork.

42. Ms. Gudger was deprived of this personal property because it was deemed abandoned by operation of the Abandonment Ordinance at the moment the warrant of restitution was executed.

43. The Abandonment Ordinance did not require that Ms. Gudger receive notice that her property would be deemed abandoned, and she received no notice that her personal property would be deemed abandoned at the time of her eviction.

44. The Abandonment Ordinance is an official policy of Baltimore County and constitutes state action. *See* Balt. Cnty. Code, § 35-3-103(a)(3).

45. The Abandonment Ordinance deprived Ms. Gudger of her property without procedural due process in violation of her rights under the Fourteenth Amendment.

**COUNT II**
**Fourteenth Amendment – Procedural Due Process (No Opportunity To Be Heard)**
**42 U.S.C. § 1983**

46. The allegations set forth in all previous paragraphs are incorporated here by reference.

47. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees that no person shall be deprived of property without due process of law.

48. Procedural due process encompasses an opportunity to be heard "at a meaningful time and in a meaningful manner." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

49. The Abandonment Ordinance declares that "[p]roperty removed from the leased premises in accordance with a properly issued warrant of restitution shall be considered abandoned." Balt. Cnty. Code, § 35-3-103(a)(3).

50. The Abandonment Ordinance provides no opportunity for a tenant to be heard concerning whether the tenant intends to abandon all remaining property in "the leased premises." *Id.*

51. The Abandonment Ordinance is an official policy of Baltimore County and constitutes state action. *See id.*

52. This Abandonment Ordinance deprives tenants of their property rights without an opportunity to be heard or any other procedure by which they can protect their property interests.

53. "[A] municipality may not sidestep the demands of due process by calling property 'abandoned' when none of the traditional markers of abandonment are present." *Todman v. Mayor and City Council of Baltimore*, 104 F.4th 479, 494 (4th Cir. 2024).

54. Ms. Gudger was deprived of personal property, including her passport card, her son's bed, other furniture, electronics, tools, and clothes.

55. Ms. Gudger did not intend to abandon her property, as evidenced by her efforts immediately following her eviction to locate and reclaim some of her personal property.

**PRAYER FOR RELIEF**

Ms. Gudger respectfully requests that this Court:

a.  Declare that the Abandonment Ordinance violated her rights under the Fourteenth Amendment to the U.S. Constitution to appropriate notice before termination of her property rights and is unconstitutional both facially and as applied to her;

b.  Declare that the Abandonment Ordinance violated her rights under the Fourteenth Amendment to the U.S. Constitution to an opportunity to be heard before termination of her property rights and is unconstitutional both facially and as applied to her;

c.  Award her damages under Counts I and II;

d.  Award her the costs of this suit, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

e.  Award other such relief as the Court deems just.

**JURY DEMAND**

Ms. Gudger demands a trial by jury, under Federal Rule of Civil Procedure 38(b), of all issues triable of right by a jury.

*Kathryn Baxter*

KATHRYN BAXTER (Md. Bar No. 31644)
ZAFAR SHAH (Md. Bar No. 18917)
LEE H. OGBURN (Md. Bar No. 00118)
Maryland Legal Aid
500 E. Lexington St.
Baltimore, MD 21202
t: (410) 951-7777
f: (410) 951-7768
*logburn@mdlab.org*
*zshah@mdlab.org*
*kbaxter@mdlab.org*

9